IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON B. PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−1300−DRH |
| ) | |
| JOHN COE, ) | |
| ELIZABETH BLANCHARD, ) | |
| JOHN ALLEN, ) | |
| WEXFORD HEALTH SOURCES, ) | |
| INC., ) | |
| TOBY RICE, and ) | |
| BROOKS ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Damon B. Parks, an inmate in Illinois River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Lawrence Correctional Center. Plaintiff requests a settlement, which the Court construes as a request for monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff alleges that Brooks confiscated his diabetic footwear and gave him plastic boots instead. (Doc. 1, p. 5). As a result of the boots, Plaintiff's left foot developed ulcers, became infected, and ultimately had to be amputated. *Id*. Plaintiff alleges that Coe failed to treat the infection properly, and that if he had, Plaintiff would not have lost the foot. *Id*. When Plaintiff returned to the hospital, Coe deprived him of pain medication and physical therapy out of retaliation for

2

another § 1983 lawsuit, 16-cv-1229-SMY-RJD. (Doc. 1, p. 6). Blanchard also participated in the negligent medical care leading up to the amputation. *Id*.

**Discussion**

As Plaintiff acknowledges in his Complaint, this is not his first lawsuit before the Court. Plaintiff filed *Parks v. Coe, et. al.,* 16-cv-1229-SMY-RJD ("16-1229") in this Court on November 7, 2016. That case contained 4 claims: 1) Rice was deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when he refused to allow Plaintiff to keep his prescribed diabetic shoes; 2) Coe was deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when he refused to admit him to the health care unit on May 19, 2016, refused to provide antibiotics or admit Plaintiff to the health care unit on June 2, 2016; and refused to refer Plaintiff in a timely manner to an outside medical provider; 3) Blanchard was deliberately indifferent to Plaintiff's diabetes when she refused to document Plaintiff's foot condition on approximately June 2, 2016; 4) Wexford Health Sources has an unconstitutional policy of instructing medical care providers not to prescribe antibiotics when medically indicated due to cost concerns. (16-1229, Doc. 9).

After service, Defendants in the first case filed motions for summary judgment alleging that Plaintiff failed to exhaust his administrative remedies. (16-1229, Doc. 35, Doc. 38). The Magistrate Judge recommended that the case be dismissed for failure to exhaust, and the District judge accepted the recommendation on April 30, 2018. (16-1229, Doc. 54, Doc. 61). The case was

dismissed without prejudice at that time because the District Judge found that Plaintiff had not initiated the grievance process within 60 days of the relevant events, and because Plaintiff's testimony that he had filed earlier grievances that had gone missing was not credible. (16-1229, Doc. 61). Plaintiff filed a motion for rehearing on May 2, 2018. (16-1229, Doc. 62). That motion remains pending. (16-1229, Doc. 62).

In the present suit, when asked about the results of the grievance process, Plaintiff replied that his previous lawsuit was dismissed without prejudice. (Doc. 1, p. 4). He also noted that his counselor, Mr. Piper, said that he could not process any grievances after 60 days. *Id*. Plaintiff considers the grievance process moot. *Id*.

Plaintiff's attempt to bring most of the claims in this lawsuit is improper. Many, although not all, of the claims are duplicative of the claims in 16-1229. Moreover, that case has been dismissed. The Seventh Circuit requires district courts to dismiss suits without prejudice for failure to exhaust. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). However the operation of § 1997e(a) will effectively bar the suit permanently if it is too late to exhaust. *Id. Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Here, Plaintiff concedes that his earlier suit was dismissed for failure to exhaust. That dismissal is res judicata to the issues decided in that litigation. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). If Plaintiff is unhappy with the results of that case, his remedy is to file a motion for reconsideration (which

he has done) and if still unsuccessful, an appeal. This is true regardless of the correctness of the earlier decision; a plaintiff cannot engage in duplicative litigation at the district court level to correct an error. *Id*.

So the Court must accept the proposition that Plaintiff did not exhaust his administrative remedies as of April 30, 2018, when his first suit was dismissed. The Complaint in this case does not document any further attempts to exhaust administrative remedies between that date and June 20, 2018, when Plaintiff brought this suit. In fact, Plaintiff has stated that his counselor told him that he cannot accept any grievances after 60 days. Plaintiff alleges that this makes the grievance requirement moot. That is untrue; the requirement remains applicable to Plaintiff. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) (grievance not exhausted unless prisoner follows grievances procedure correctly). Moreover, the District Judge in Plaintiff's earlier suit specifically found that Plaintiff had not exhausted his remedies because he had not filed his grievances within 60 days of the relevant events. That is not a deficiency that Plaintiff can cure two years on, meaning that § 1997e effectively bars this suit in federal court. Accordingly, the Court will not consider Plaintiff's claims against Blanchard, Wexford, or Rice in this suit. Additionally, Plaintiff's claims against Coe for deliberate indifference to his diabetes and associated complications are also barred.

The Court sees 2 potential claims that were not present in the original lawsuit:

5

**Count 1 –** Brooks was deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when he refused to allow Plaintiff to keep his prescribed diabetic shoes;

**Count 2 –** Coe retaliated against Plaintiff for filing 16-1229 and associated grievances by depriving Plaintiff of pain medication and physical therapy in violation of the First Amendment.

Plaintiff has also named new Defendant John Allen in this suit. However, his statement of claim contains no allegations against Allen, so the Court is unable to ascertain what claims, if any, Plaintiff has against Allen.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff

6

cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Allen elsewhere in his Complaint, he has not adequately stated claims against him, or put him on notice of any claims that Plaintiff may have. For this reason, Allen will be dismissed from this action without prejudice.

Turning to **Count 1**, it is clear that Plaintiff's diabetes and the complications that resulted in the loss of his foot constitute a serious medical need. *Guitierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Moreover, where a prison official knows of a serious risk of harm and disregards it, that official will have demonstrated deliberate indifference. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Plaintiff alleges that he told Brooks of the risks posed to him by non-diabetic shoes, and that Brooks made him wear them anyway. This is a plausible allegation of deliberate indifference, and **Count 1** shall proceed against Brooks.[1]

Plaintiff has also alleged that Coe retaliated against him for filing grievances and 16-1229. To succeed on a First Amendment retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in

---

[1] The Court finds it odd that Brooks was never mentioned in 16-1229 and suspects Plaintiff will be asked to explain that discrepancy at some point. However, the Federal Rules of Civil Procedure do not require all joint tortfeasors to be named as defendants in a single lawsuit. *Pace v. Timmermann's Ranch and Saddle Shop, Inc.*, 795 F.3d 748, 756 (7th Cir. 2015).

the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Filing a truthful grievance constitutes protected activity under the First Amendment, as is filing a lawsuit. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). Although there are some contradictory allegations in 16-1229, the Court will accept Plaintiff's allegations in this suit that Coe withheld pain medication and physical therapy in retaliation for Plaintiff's grievances and lawsuits. As the denial of crucial medical care is likely to deter First Amendment activity, and Plaintiff has alleged that Coe was motivated by his protected activity, Plaintiff has adequately stated a First Amendment claim against Coe, and **Count 2** will proceed in this lawsuit.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to a Magistrate Judge for disposition. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Brooks and Coe. Any and all claims encompassed by the litigation in case 16-1229 are **DISMISSED with prejudice** as barred by res judicata. John Allen is **DISMISSED without prejudice** for failure to state a claim.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Brooks and Coe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.13 11:29:04
-05'00'

_____
**U.S. District Judge**