**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAMON B. PARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-01300-SMY |
| | ) |
| **JOHN COE, and** | ) |
| **RANDALL BROOKS,**[1] | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Damon B. Parks, an inmate in the custody of the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983. He claims that in May 2016, Defendant Randall Brooks confiscated his diabetic footwear and gave him plastic boots instead, and that the boots caused him to develop ulcers and an infection, which led to his foot being amputated. Plaintiff also claims Defendant John Coe, a doctor who treated him in 2016, failed to treat his infection properly and is responsible, in part, for the amputation, and deprived him of pain medication and treatment after the amputation.

This matter is before the Court for consideration of Defendants' motions for summary judgment on the issue of exhaustion of administrative remedies. (Docs. 50, 57). Magistrate Judge Reona J. Daly held an evidentiary hearing on the motions and issued a Report and Recommendation ("Report") (Doc. 75), recommending the undersigned grant Defendants' motions. Plaintiff filed timely objections to Judge Daly's Report. (Doc. 75).

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant Brooks's name to Randall Brooks.

Timely objections having been filed, the Court undertakes *de novo* review of the portions of the Report to which Plaintiff specifically objects and reviews the unobjected portions for clear error. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## Background

At all times relevant to his Complaint, Plaintiff Damon Parks was incarcerated at Lawrence Correctional Center. He filed suit in Case No. 16-cv-1229, asserting claims related to the denial of his diabetic footwear by someone other than Defendant Brooks and alleging Dr. Coe's medical care was constitutionally deficient. That case was dismissed on April 30, 2018 as a result of Plaintiff's failure to exhaust administrative remedies. The Court considered two grievances from August 2016 and determined that they were not exhausted. Judge Daly reviewed those grievances in finding that Plaintiff did not exhaust his claims in this case.

In an August 2, 2016 emergency grievance, Plaintiff complained that on May 19, 2016, Tobey Rice issued him plastic boots even though he has diabetes and requires diabetic footwear. The Chief Administrative Officer (CAO) determined the grievance was not an emergency on August 5, 2016 and directed Plaintiff to resubmit it in the normal manner. The Administrative Review Board (ARB) received the grievance on September 14, 2016 and returned it without decision because it had not been submitted in the required timeframe. (Doc. 51-1, p. 7-9). In 16-cv-1229, the Court found that this grievance was filed more than 60 days after the May 19, 2016 incident and was therefore untimely.

Plaintiff also filed an emergency grievance on August 3, 2016. He complained that he was in severe pain and had a partial foot amputation due to negligence by Dr. Coe and another

individual identified as Blanchard. The CAO determined the grievance was not an emergency on August 5, 2016 and directed Plaintiff to resubmit it through the normal channels. The ARB received this grievance on September 14, 2016, returned it without a decision, and directed Plaintiff to provide copies of the responses from his counselor, grievance officers, and the CAO. (Doc. 51-1, p. 4-6). In 16-cv-1229, the Court found this grievance related to incidents occurring on June 2, 2016, that the grievance was filed outside the 60-day timeframe, and that by failing to resubmit the grievance in the normal manner, Plaintiff failed to exhaust it.

Plaintiff filed additional grievances related to his claims After 16-cv-1229 was dismissed. He filed emergency grievances on May 7 and 13, 2018 seeking new shoes for his amputated foot and requesting to be sent to a specialist for his foot infection. The CAO found that the grievances raised emergencies and expedited review, but Plaintiff then submitted them to the ARB. The ARB received the grievances on May 31, 2018, returned them without a decision on the merits, and directed Plaintiff to submit copies of the institutional responses. The record does not show any further action taken by Plaintiff regarding these grievances. (Doc. 51-1, p. 14-18).

Plaintiff also filed a grievance on May 18, 2018, complaining that clothing room supervisors Rice and Brooks made him throw away his diabetic shoes on March 19, 2016. He also stated he had to wear plastic boots and had developed ulcers and an infection and complained about Dr. Coe's treatment. The record suggests this grievance was sent directly to the ARB, as there is no institutional response on it. The ARB returned it to Plaintiff on June 12, 2018 without a decision on the merits and told Plaintiff medical and property issues must be addressed at the institutional level before being submitted to the ARB. (Doc. 51-1, p. 10-13).

In a March 14, 2019 grievance, Plaintiff claimed "the Southern District Court" wanted him to submit another grievance. The grievance addresses his complaints with medical treatment by

Dr. Coe. A grievance officer reviewed the grievance and returned it on May 21, 2019, explaining that it was not submitted within 60 days of the discovery of the incident. (Doc. 62, p. 3-4).

On April 22, 2019, Plaintiff submitted an emergency grievance, writing he "had no choice but to contact [the] ARB." He explained that his counselor refuses to respond to any grievance filed beyond 60 days of the date of the incident. The CAO determined the grievance was not an emergency on April 26, 2019. No additional responses to the grievance are in the record, but a stamp shows that the grievance office received the grievance on April 23, 2019. Another "received" stamp dated May 6, 2019 appears on the grievance, but does not indicate where the grievance was received. (Doc. 62, p. 5-6).

## The Report and Recommendations

During the evidentiary hearing, Plaintiff explained that the May 18, 2018, March 14, 2019, and April 22, 2019 grievances were filed after he was transferred to Illinois River Correctional Center. He testified he filed the grievances in order to exhaust his claims in this lawsuit but that he could not get his counselor to accept them because the incidents occurred outside of the 60-day timeframe required by the grievance procedures. He acknowledged that he was last treated by Dr. Coe in late 2016 and that the May 2018 grievance involved incidents from 2016. Christy Smith, a grievance officer from Illinois River, testified that she reviewed grievances submitted by Plaintiff and believes that he understands the grievance process.

Judge Daly noted that Defendant Brooks is mentioned only in the May 18, 2018 grievance and that the grievance was filed well beyond the 60-day timeframe, as the actions Brooks allegedly took occurred in 2016. She rejected Plaintiff's suggestion that the dismissal order in 16-cv-1229 directed him to attempt to re-file his grievances or that dismissal restarted the timeline for him to grieve the events in 2016 that give rise to his claims. Judge Daly also rejected Plaintiff's

contention that the August 2, 2016 grievance exhausted his claims. She noted the grievance mentioned only Tobey Rice and not Defendant Brooks and was not exhausted because it was not timely filed, as discussed in 16-cv-1229. As to Defendant Coe, Judge Daly found that he last treated Plaintiff in 2016, making the grievances filed in 2018 and 2019 untimely.

In this lawsuit, Plaintiff claims Dr. Coe gave him inadequate treatment because he filed his previous lawsuit, 16-cv-1229. Judge Daly rejected that argument, as the grievance about Dr. Coe's inadequate medical treatment was filed before Plaintiff filed his previous lawsuit.

Plaintiff also argued that he was not competent to understand the grievance procedure so his failure to exhaust properly should be excused. Judge Daly found the "assertion to be disingenuous," pointing out that Plaintiff called himself the "grievance king" during the evidentiary hearing. (Doc. 75, p. 8). Judge Daly further noted that, while Plaintiff may have misunderstood the effect of the dismissal of his earlier case, he clearly understood how to appeal decisions from his institution and how the grievance process itself works.

For his objections to the Report, Plaintiff asserts he "clearly is not capable of understanding the intricate field of civil actions" and that he has "filed several grievances that make no logical sense." (Doc. 76, p. 1). He attributes calling himself the "grievance king" to "mental problems that have yet to be addressed." Plaintiff states that he is trying to incorporate 16-cv-1229 into this action and the Court is not being fair and is involved in a conspiracy with the Attorney General, as evidenced by rulings in favor of Defendants.

Plaintiff also suggests that prison officials interfered with his ability to fully exhaust his claims by holding grievances for long periods of time without response and sending grievances to a grievance officer before a counselor responds. He refers to unspecified tactics that allegedly rendered administrative remedies unavailable to him. He also argues his belief that the Court

directed him to refile grievances after dismissing 16-cv-1229 shows that he needs counsel in this action and that he said he was the grievance king to show that he filed a lot of complaints, not to show that he is highly knowledgeable about the grievance process. He also takes issue with Smith's testimony expressing her opinion that he understands the grievance process.

## **Discussion**

During a *de novo* review, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Pursuant to the Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. (emphasis added). Strict adherence to the PLRA's exhaustion requirement is required. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Thus, exhaustion must occur before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to use a prison's grievance process properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Plaintiff was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly.  *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*.  Relevant here, the grievance procedures require inmates to file their grievance with the counselor within 60 days of the discovery of an incident.  *See* 20 ILL. ADMIN. CODE § 504.810(a).  Grievances filed more than two years after the incidents an inmate seeks to remedy are clearly untimely under IDOC's grievance procedures.

Despite any confusion or misunderstanding of the grievance procedures on Plaintiff's part, the dismissal of 16-cv-1229 did not restart the clock for his attempts to exhaust the claims arising out of 2016 conduct.  His grievances filed in 2018 and 2019 cannot and did not exhaust his claims about incidents and medical treatment in 2016. Even if Plaintiff was somehow stymied in his attempts to exhaust in 2018 and 2019, it has no impact on the exhaustion of claims from 2016 because his attempts to exhaust his remedies at that point were untimely by several years.  When grievances are filed outside of the 60-day window, it impairs the ability of prison officials to address the complaints raised by an inmate; filing grievances in 2018 and 2019 provided no opportunity for redress of 2016 events.

To the extent that Plaintiff argues that the grievance process was not available to him in 2016, those arguments should have been raised in 16-cv-1229.  The Court previously found that the 2016 grievances did not exhaust his claims about footwear and medical treatment by Dr. Coe, and it is neither appropriate nor necessary to revisit that conclusion simply because Plaintiff refiled his claims in this new action.  The 2016 grievances do no mention Defendant Brooks by name or by description.  Instead, they complain about a different prison official, Tobey Rice, who allegedly denied Plaintiff his diabetic footwear.  Plaintiff's lawsuit must be dismissed for failure to exhaust administrative remedies.

### Conclusion

For the foregoing reasons, Plaintiff Damon Parks' objections are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation (Doc. 75) in its entirety and **GRANTS** Defendants' motions for summary judgment (Docs. 50, 57). Accordingly, all claims are **DISMISSED without prejudice** due to Plaintiff's failure to exhaust administrative remedies prior to filing suit. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  August 26, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**