### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAMON B. PARKS #B01868,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:18-cv-01300-SMY** |
| | ) | |
| **JOHN COE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed a Notice of Appeal (Doc. 87) and Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* ("IFP") on appeal (Doc. 88). He did not, however, file the necessary prisoner trust fund account information required under 28 U.S.C. § 1915(a) or a motion for leave to proceed IFP on appeal. (Doc. 82). On October 6, 2020, the Court ordered Plaintiff to file a trust fund statement and a motion for leave to appeal IFP within 14 days (Doc. 93). Plaintiff filed a trust fund statement on October 9, 2020 but to date, has not filed a motion for leave to proceed IFP on appeal.

A party who desires to appeal IFP must file a motion that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. FED.R.APP.P. 24(a)(1). When deciding a motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. An appeal is taken in good faith if "… a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)

The Court has examined Plaintiff's Notice of Appeal (Doc. 87) and Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* ("IFP") on appeal (Doc. 88).

Neither pleading identifies the issues Plaintiff plans to raise in his appeal, nor do they reveal the basis on which he intends to challenge the Court's Order adopting the Report and Recommendation and granting the motion for summary judgment (Doc. 85). Without this information, the Court cannot say that his appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

To the extent Plaintiff is seeking leave to proceed IFP on appeal, his request is **DENIED**. Plaintiff shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within **THIRTY (30)** days of the date of entry of this order (on or before **January 13, 2021**). Alternatively, he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal within this **30-day** deadline. *See* FED. R. APP. P. 24(a)(5).

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of this Court informed of any change in his whereabouts during the pendency of this appeal. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATE:  December 14, 2020**

**s/ *Staci M. Yandle*_____**
**STACI M. YANDLE**
**UNITED STATES DISTRICT JUDGE**